### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **SHAWN L. SANDERS,** | § | |
| **TDCJ No. 1999754,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **V.** | § | **CIVIL NO. SA-16-CA-432-XR (HJB)** |
| | § | |
| **LORIE DAVIS, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Division,** | § | |
| | § | |
| **Respondent.** | § | |

### ORDER OF DISMISSAL

Petitioner Shawn L. Sanders pled nolo contendere to a charge of aggravated assault with a deadly weapon in Bexar County cause no. 2012-CR-5452. He filed this federal habeas corpus action pursuant to 28 U.S.C. § 2254 challenging the imposition of a term of deferred adjudication probation imposed upon him in January, 2013.

Respondent has moved to dismiss Petitioner's federal habeas corpus petition as untimely, arguing Petitioner failed to file a timely notice of appeal from the imposition of Petitioner's term of deferred adjudication probation, and failed to file a state habeas corpus application within the one-year limitations period set forth in 28 U.S.C. § 2244(d). For the reasons discussed below, Petitioner's federal habeas corpus petition will be dismissed as untimely.

Background

On July 3, 2012, a Bexar County grand jury indicted Petitioner in cause no. 2012-CR-5452 on charges of (1) intentionally, knowingly, and recklessly causing bodily injury to the complainant by striking the complainant with Petitioner's hand, while exhibiting a deadly

weapon, namely a handgun and (2) burglary of a habitation with intent to commit assault (ECF no. 9-5, at p. 12). On December 12, 2012, Petitioner and his trial counsel executed two documents: "Court's Admonishment and Defendant's Waivers and Affidavit of Admonitions," and "Waiver, Consent to Stipulation of testimony and Stipulations," in which Petitioner stipulated to the accuracy of the police reports attached thereto and pleaded nolo contendere to the charge of aggravated assault with a deadly weapon (ECF no. 9-5, at pp. 70-78). Petitioner applied to receive a term of deferred adjudication probation (ECF no. 9-5, at p. 89). On January 28, 2013, the state trial court filed its certification of Petitioner's right to appeal and entered a Judgment imposing a term of deferred adjudication probation (ECF no. 9-5, at pp. 90-96). Petitioner did not file a notice of appeal from the imposition of his term of deferred adjudication probation within thirty days of January 28, 2013.

In March, 2013, the Bexar County Criminal District Attorney filed a motion to revoke Petitioner's deferred adjudication probation, citing Petitioner's failure to submit to drug screening, failure to register for outpatient treatment, and failure to attend counseling sessions (ECF no. 9-5, at p. 97). On April 8, 2013, the state trial court amended the terms of Petitioner's deferred adjudication probation to provide Petitioner would serve a 109-day term in the Bexar County Jail (ECF no. 9-5, at p. 98). On June 17, 2014, the Bexar County Criminal District Attorney filed a motion to revoke Petitioner's deferred adjudication probation, citing numerous criminal offenses committed by Petitioner while on probation including evading arrest, felon in possession of a firearm, use of a controlled substance, and failure to submit to drug screening (ECF no. 9-5, at pp. 99-100). On July 15, 2014, the Bexar County Criminal District Attorney filed an amended motion to revoke Petitioner's deferred adjudication probation (ECF no. 9-5, at pp. 101-02).

On August 6, 2014, Petitioner filed a pro se notice of appeal in the Texas Fourth Court of Appeals in cause no. 2012-CR-5452 (ECF no. 9-5, at p. 114).  In an unpublished Memorandum Opinion, that court dismissed Petitioner's appeal for lack of jurisdiction after explaining no judgment existed in the underlying case.  *Sanders v. State*, 04-14-00570-CR, 2014 WL 4347742 (Tex. App. – San Antonio Sept. 3, 2014).  On October 6, 2014, Petitioner filed a petition for discretionary review (ECF no. 9-20), which the Texas Court of Criminal Appeals refused. *Sanders v. State*, PD-1382-14 (Tex. Crim. App. Jan. 28, 2015).

Petitioner filed a pro se notice of appeal in the state trial court on October 23*, 2014 in cause no. 2012-CR-5452 (ECF no. 9-5, at p. 134).  In an unpublished Memorandum Opinion, the Texas Fourth Court of Appeals stated that Petitioner had been sentenced on January 28, 2013 (to a term of deferred adjudication probation) and dismissed Petitioner's October, 2014 notice of appeal as untimely.  *Sanders v. State*, 04-14-00843-CR, 2015 WL 179297 (Tex. App. – San Antonio Jan. 14, 2015).

On December 17, 2014, Petitioner filed a pro se petition for state habeas corpus relief in the Texas Fourth Court of Appeals (ECF no. 9-9).  That court dismissed the petition for want of jurisdiction in an unpublished Memorandum Opinion issued December 23, 2014 in which it explained the intermediate Texas appellate courts lack state habeas corpus jurisdiction in criminal cases.  *Ex parte Shawn Sanders*, 04-14-00881-CR (Tex. App. – San Antonio Dec. 23, 2014).

Based upon multiple alleged violations of the terms of his deferred adjudication probation, on May 4, 2015 the state trial court revoked Petitioner's probated sentence and imposed a four-year term of incarceration (ECF no. 9-10, at pp. 145-46).  Following his sentencing in cause no. 2012-CR-5452, Petitioner filed a notice of appeal in the trial court on

June 1, 2015 (ECF no. 9-10, at p. 147).   In an unpublished order, the Texas Fourth Court of Appeals granted Petitioner's motion to dismiss that appeal.  *Sanders v. State*, 04-15-00339-CR, 2015 WL 3895981 (Tex. App. – San Antonio June 24, 2015).

On June 1, 2015, Petitioner filed an application for state habeas corpus relief in connection with cause no. 2012-CR-5452 (ECF no. 10-6, at pp. 5-22).   In an Order issued June 11, 2015, the state trial court noted Petitioner's appeal from the revocation of his deferred adjudication probation was then still pending before the Texas Fourth Court of Appeals and, therefore, the Petitioner's state habeas corpus application was premature (ECF no. 10-6, at pp. 53-55).   The Texas Court of Criminal Appeals dismissed that application with a notation Petitioner's direct appeal was then still pending.  *Ex parte Shawn L. Sanders*, WR-83,497-01 (Tex. Crim. App. July 7, 2015) (ECF no. 10-3).

On August 31, 2015, Petitioner filed another state habeas corpus application attacking his conviction in cause no. 2012-CR-5452 (ECF no. 10-14, at pp. 4-21).   On November 30, 2015, the state trial court issued its findings of fact and conclusions of law (which referenced an affidavit filed by Petitioner's trial counsel) which (1) rejected Petitioner's claims of ineffective assistance on the merits, rejected on the merits Petitioner's claim that his nolo contendere plea was involuntary, (3) rejected Petitioner's actual innocence claim on the merits, (4) dismissed Petitioner's insufficient evidence claim on procedural grounds, and (5) recommended denial of Petitioner's state habeas corpus application (ECF no. 10-14, at pp. 38-45).   On January 27, 2016, the Texas Court of Criminal Appeals denied state habeas corpus relief without written order based upon the fact findings made by the trial court without a hearing.  *Ex parte Shawn L. Sanders*, WR-83,497-03 (Tex. Crim. App. Jan. 27, 2016) (ECF no. 10-11).

Procedural History

On May 9, 2016 (ECF no. 1), Petitioner filed his federal habeas corpus petition challenging not the revocation of his deferred adjudication probation but, rather, his original nolo contendere plea and the term of deferred adjudication probation imposed upon him in January, 2013 (ECF no. 1).  As grounds for relief, Petitioner argued (1)  his  trial  counsel  rendered ineffective assistance in connection with his nolo contendere plea by failing to file pretrial motions, including a motion for an examining trial and a motion for speedy trial, (2) there was no evidence to support Petitioner's conviction (the complainant had filed an affidavit of non-prosecution), (3) his rights to a speedy and public trial in which he could confront the witnesses against him were violated, (4) he was denied his right to appeal from the imposition of a term of deferred adjudication probation, and (5) he did not commit the offense for which he was convicted.  On June 8, 2016 (ECF no. 5), Petitioner filed a memorandum in support of his petition in which he argued additional claims consisting of arguments that (1) an actual conflict existed between himself and his former trial counsel, (2) newly discovered evidence (consisting of untruthful statements the complainant made to police and inconsistencies between the complainant's statement to police and information in police reports) raise questions as to Petitioner's guilt, and (3) the Eighth Amendment precludes Petitioner's execution.

On July 13, 2016 (ECF no. 11), respondent filed a motion to dismiss Petitioner's federal habeas corpus petition as untimely, arguing the deadline for filing Petitioner's federal habeas corpus petition expired long before Petitioner filed same.

On July 22, 2016 (ECF no. 12), Petitioner filed a motion for an evidentiary hearing and discovery, as well a brief arguing his term of deferred adjudication probation did not become final and subject to appeal until that term of revoked (ECF no. 12).

The Untimeliness of Petitioner's Petition

"The AEDPA provides for a one-year limitation period during which a state prisoner may seek federal habeas review of his judgment of conviction, running, in this case, from 'the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.' 28 U.S.C. § 2244(d)(1)(A)." *Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013).   A criminal conviction is "final" for purposes of the AEDPA's one-year limitations period when the defendant has exhausted his state appeals and either (1) the time for requesting a petition for certiorari review has passed or (2) the Supreme Court has affirmatively denied such a petition.   *Caspari v. Bohlen*, 510 U.S. 383, 390 (1994); *Paredes v. Quarterman*, 574 F.3d 281, 287 (5th Cir. 2009), *cert. denied*, 562 U.S. 1203 (2011).

Insofar as Petitioner argues his appeal from the imposition of his term of deferred adjudication probation was not ripe until his probated sentence was revoked, he is in error.   It is clear under Texas law that the 30-day time period within which to file a notice of appeal from the imposition of a term of deferred adjudication probation begins to run from the date that term of deferred adjudication probation is imposed.   *See Perez v. State*, 424 S.W.3d 81, 85 (Tex. Crim. App. 2014) (dismissing as untimely a notice of appeal not filed within thirty days of the date the defendant's term of deferred adjudication probation was imposed).   This point was made obvious to Petitioner on January 28, 2013, when the state trial court filed its certification of his right to appeal.   On that date, Petitioner was put on formal notice of his right to appeal.   Respondent correctly argues that the AEDPA's one-year statute of limitations for the filing of Petitioner's federal habeas corpus petition commenced to run not later than thirty days after January 28, 2013, i.e., not later than March 1, 2013.   Under Texas law, the deadline for filing a notice of

appeal in a criminal case is generally thirty days after the date sentence is imposed or suspended in open court.  Rule 26.2(a), TEX.R.APP.P.  Petitioner does not allege that he filed a motion for new trial or that his state trial court entered an appealable order following the date of Petitioner's sentencing in cause no. 2012-CR-5452 on January 28, 2013.  Ordinarily, in such circumstances, Petitioner's conviction would become final for purposes of the AEDPA's limitations period thirty days after the disposition of his direct appeal.  *See Rodriguez v. Thaler*, 664 F.3d 952, 954 (5th Cir. 2011) (holding conviction of Texas criminal defendant who pleaded guilty and did not waive his right to direct appeal became final for purposes of AEDPA's one-year limitations period thirty days after sentencing); *Mark v. Thaler*, 646 F.3d 191, 193 (5th Cir. 2011) ("We have held that, when a petitioner elects not to file a PDR, his conviction becomes final under AEDPA at the end of the 30–day period in which he could have filed the petition—that is, 'when the time for seeking further direct review expired.'" (*quoting Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003)).  Thus, Petitioner's conviction in cause no. 2012-CR-5452 became final for purposes of the AEDPA's one-year statute of limitations not later than March 1, 2013.  The AEDPA's one-year statute of limitations began running the following date and expired not later than March 1, 2014.

Statutory Tolling

The AEDPA does provide for the tolling of the limitations period during the pendency of an application for state habeas corpus relief.  28 U.S.C. §2244(d)(2).  As explained above, Petitioner did file several notices of appeal attacking his deferred adjudication probation as well as several state habeas corpus applications (in both the Texas Court of Criminal Appeals and the Texas Fourth Court of Appeals) collaterally attacking his deferred adjudication probation.

However, all of these notices of appeal and state habeas corpus applications were filed *after* March 1, 2014.  As such, none of these notices of appeal or state habeas corpus applications tolled the AEDPA's statute of limitations under § 2244(d)(2).  *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (holding petitioner's state habeas corpus application did not toll the limitations period under § 2244(d)(2) because it was not filed until after the period of limitations had expired), *cert. denied*, 532 U.S. 963 (2001).  Unless equitable tolling applies, Petitioner's federal habeas corpus petition is untimely.

Equitable Tolling Inapplicable

"Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 110 Stat. 1214, a state prisoner has one year to file a federal petition for habeas corpus relief, starting from 'the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.' 28 U.S.C. § 2244(d)(1)(A)."  *Wood v. Milyard*, 132 S. Ct. 1826, 1831 (2012).  The "AEDPA provides for a one-year limitation period during which a state prisoner may seek federal habeas review of his judgment of conviction, running, in this case, from 'the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.' 28 U.S.C. § 2244(d)(1)(A)."  *Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013).  Petitioner's conviction became final, and his limitation period began to run, not later than March 1, 2013.  *Roberts v. Cockrell,* 319 F.3d 690, 694 (5th Cir. 2003); 28 U.S.C. § 2244(d)(1)(A).  As explained above, Petitioner is not entitled to the benefit of the statutory tolling provision recognized in 28 U.S.C. §2244(d)(2).

The Supreme Court has made clear a federal habeas corpus petitioner may avail himself of the doctrine of equitable tolling "only if he shows (1) that he has been pursuing his rights

diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931 (2013); *Holland v. Florida*, 560 U.S. 631, 649 (2010); *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). "Equity is not intended for those who sleep on their rights." *Manning v. Epps,* 688 F.3d 177, 183 (5th Cir. 2012), *cert. denied*, 133 S. Ct. 1633 (2013); *Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010), *cert. denied*, 562 U.S. 1257 (2011). Even those petitioners represented by incompetent counsel are required to exercise due diligence in pursuing their rights. *See Manning v. Epps*, 688 F.3d at 184-85 (holding delay of 19 months in filing federal habeas corpus petition was the antithesis of due diligence). Ineffective assistance of counsel is irrelevant to the tolling decision because a prisoner has no right to counsel during a post-conviction collateral attack upon a criminal conviction. *United States v. Petty*, 530 F.3d 361, 366 (5th Cir. 2008). Mere attorney error or neglect will not establish extraordinary circumstances warranting equitable tolling. *Id.* As explained above, Petitioner's multiple state habeas corpus applications did not toll the AEDPA's limitations period because his state habeas corpus applications were all filed *after* the AEDPA's limitations period had already expired, i.e., after March 1, 2014.

Petitioner's assertions that he suffered from an unspecified mental impairment, was untrained in the law, and  possessed only a fifth grade education do not rise above the level of excusable neglect which is insufficient to warrant equitable tolling in this case. Petitioner does not allege any facts showing he did anything to pursue relief, much less that he was diligent in challenging his 2013 conviction.

Under such circumstances, Petitioner has failed to allege any specific facts showing he is entitled to equitable tolling of the AEDPA's one-year statute of limitations in this cause. *See Pace v. DiGuglielmo*, 544 U.S. at 418, 125 S. Ct. at 1814 ("a litigant seeking equitable tolling

bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."); *In re Campbell*, 750 F.3d 523, 533 (5th Cir. 2014) ("Equitable tolling is to be 'applied restrictively' and should be entertained only in cases presenting 'rare and exceptional circumstances where it is necessary to preserve a plaintiffs [sic] claims when strict application of the statute of limitations would be inequitable.' "); *Palacios v. Stephens*, 723 F.3d at 604 (holding a federal habeas petitioner seeking to obtain the benefit of equitable tolling must establish (1) he pursued habeas relief with "reasonable diligence" and (2) some "extraordinary circumstances" stood in the way or "prevented" timely filing). Petitioner has offered no rational explanation for his failure to seek federal habeas corpus relief from this Court prior to May 9, 2016 or otherwise explain his failure to act more diligently to pursue state and federal habeas relief after a term of deferred adjudication probation was imposed upon him in January, 2013.

> "As a general rule, equitable tolling operates only in rare and exceptional circumstances where it is necessary to preserve a plaintiff's claims when strict application of the statute of limitations would be inequitable." *Fierro v. Cockrell,* 294 F.3d 674, 682 (5th Cir.2002) (alteration, citations, and internal quotation marks omitted). "Equitable tolling thus applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Id.* (citations and internal quotation marks omitted). "As a consequence, neither excusable neglect nor ignorance of the law is sufficient to justify equitable tolling." *Id.* (citation and internal quotation marks omitted).

*Sutton v. Cain*, 722 F.3d at 317.

Petitioner has alleged no specific facts showing he was prevented, despite the exercise of due diligence on his part, from timely filing his federal habeas corpus petition in this Court prior to March 1, 2014. Petitioner's conclusory assertions of an unspecified mental impairment, his alleged lack of literacy, and his alleged inexperience with the law do not satisfy the standard for

showing he is entitled to equitable tolling in this cause.  Equitable tolling applies only when a petitioner had demonstrated reasonable diligence.  *See Palacios v. Stephens*, 723 F.3d at 604 ("To obtain the benefit of equitable tolling, Palacios must establish that (1) he pursued habeas relief with 'reasonable diligence,' and (2) some 'extraordinary circumstances' stood in his way and 'prevented' timely filing."); *Manning v. Epps*, 688 F.3d at 183 (holding the same). Petitioner has alleged no facts showing he exercised reasonable diligence between May, 2005 and September, 2015 in filing his claims for federal habeas corpus relief in this Court.

Certificate of Appealability

The AEDPA converted the "certificate of probable cause" previously required as a prerequisite to an appeal from the denial of a petition for federal habeas corpus relief into a "Certificate of Appealability" ("CoA").  *See Hill v. Johnson*, 114 F.3d 78, 80 (5th Cir. 1997) (recognizing the "substantial showing" requirement for a CoA under the AEDPA is merely a change in nomenclature from the CPC standard); *Muniz v. Johnson*, 114 F.3d 43, 45 (5th Cir. 1997) (holding the standard for obtaining a CoA is the same as for a CPC).  The CoA requirement supersedes the previous requirement for a certificate of probable cause to appeal for federal habeas corpus petitions filed after the effective date of the AEDPA.  *Robison v. Johnson*, 151 F.3d 256, 259 n.2 (5th Cir. 1998), *cert. denied*, 526 U.S. 1100 (1999); *Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997), *cert. denied sub nom. Monroe v. Johnson*, 523 U.S. 1041 (1998).

Under the AEDPA, before a petitioner may appeal the denial of a habeas corpus petition filed under Section 2254, the petitioner must obtain a CoA.  *Miller-El v. Johnson*, 537 U.S. 322, 335-36 (2003); 28 U.S.C. §2253(c)(2).  Likewise, under the AEDPA, appellate review of a habeas petition is limited to the issues on which a CoA is granted.  *See Crutcher v. Cockrell*, 301

F.3d 656, 658 n.10 (5th Cir. 2002) (holding a CoA is granted on an issue-by-issue basis, thereby limiting appellate review to those issues); *Jones v. Cain*, 227 F.3d 228, 230 n.2 (5th Cir. 2000) (holding the same); *Lackey v. Johnson*, 116 F.3d 149, 151 (5th Cir. 1997) (holding the scope of appellate review of denial of a habeas petition limited to the issues on which CoA has been granted).  In other words, a CoA is granted or denied on an issue-by-issue basis, thereby limiting appellate review to those issues on which CoA is granted alone. *Crutcher v. Cockrell*, 301 F.3d at 658 n.10; *Lackey v. Johnson*, 116 F.3d at 151; *Hill v. Johnson*, 114 F.3d at 80; *Muniz v. Johnson*, 114 F.3d at 45; *Murphy v. Johnson*, 110 F.3d 10, 11 n.1 (5th Cir. 1997); 28 U.S.C. §2253(c)(3).  A CoA will not be granted unless the petitioner makes a substantial showing of the denial of a constitutional right. *Tennard v. Dretke*, 542 U.S. 274, 282 (2004); *Miller-El v. Johnson*, 537 U.S. at 336; *Slack v. McDaniel*, 529 U.S. 473, 483 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983).

To make such a showing, the petitioner need not show he will prevail on the merits but, rather, must demonstrate that reasonable jurists could debate whether (or, for that matter, agree) the petition should have been resolved in a different manner or that the issues presented are adequate to deserve encouragement to proceed further.  *Tennard v. Dretke*, 542 U.S. at 282; *Miller-El v. Johnson*, 537 U.S. at 336; *Slack v. McDaniel*, 529 U.S. at 484; *Barefoot v. Estelle*, 463 U.S. at 893 n.4.  This Court is required to issue or deny a CoA when it enters a final Order such as this one adverse to a federal habeas petitioner. *Rule 11(a), Rules Governing Section 2254 Cases in the United States District Courts*.

The showing necessary to obtain a CoA on a particular claim is dependent upon the manner in which the District Court disposed of the claim.  "[W]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy §2253(c) is

straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Miller-El v. Johnson*, 537 U.S. at 338 (*quoting Slack v. McDaniel*, 529 U.S. at 484); *accord Tennard v. Dretke***,** 542 U.S. at 282.  In a case in which the petitioner wishes to challenge on appeal this Court's dismissal of a claim for a reason not of constitutional dimension, such as procedural default, limitations, or lack of exhaustion, the petitioner must show jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and whether this Court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. at 484 (holding when a district court denies a habeas claim on procedural grounds, without reaching the underlying constitutional claim, a CoA may issue only when the petitioner shows that reasonable jurists would find it debatable whether (1) the claim is a valid assertion of the denial of a constitutional right and (2) the district court's procedural ruling was correct).

Reasonable minds could not disagree over this Court's conclusions that (1) Petitioner's federal habeas corpus petition is untimely under §2244(d), even when statutory tolling is considered and  (2) Petitioner is not entitled to the benefit of the doctrine of equitable tolling in this case.  *See Felder v. Johnson*, 204 F.3d 168, 172-73 (5th Cir.) (holding ignorance of the law, even for an incarcerated pro se petitioner, does not excuse prompt filing under the AEDPA's one-year statute of limitation), *cert. denied*, 531 U.S. 1035 (2000).  Petitioner's original federal habeas petition was filed more than two years after the AEDPA's statute of limitations on his federal habeas claims expired.  Petitioner's conclusory assertions of an unidentified mental impairment and lack of literacy are insufficient to overcome the untimeliness of his federal habeas corpus petition.  Petitioner is not entitled to a Certificate of Appealability on any of his claims herein.

Accordingly, it is hereby **ORDERED** that:

1. The referral of this cause to the Magistrate Judge is **WITHDRAWN.**

2. Respondent's motion to dismiss pursuant to 28 U.S.C. § 2244(d), filed July 13, 2016 (ECF no. 11), is **GRANTED.**

3. Petitioner's original federal habeas corpus petition, filed May 9, 2016 (ECF no. 1), is **DISMISSED** WITH PREJUDICE AS UNTIMELY, pursuant to 28 U.S.C. § 2244(d.

4. Petitioner is **DENIED** a Certificate of Appealability on all his claims in this Section 2254 action.

5. All other pending motions are **DISMISSED AS MOOT.**

**SIGNED this 9th day of August, 2016.**

**XAVIER RODRIGUEZ**
**UNITED STATES DISTRICT JUDGE**